IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-01387-WYD-KMT

ROBERT RITCHIE,

      Plaintiff

v.

CHARTIS CLAIMS, INC., d/b/a AIG CASUALTY COMPANY, and
COMMERCE AND INDUSTRY INSURANCE COMPANY

      Defendants

---

## ORDER AND STIPULATION REGARDING CONFIDENTIALITY

---

During the course of discovery, the parties may exchange information, to include documents and testimony containing proprietary and sensitive business, financial, commercial or other technical information, the uncontrolled release of which would cause the producing party and/or certain non-parties competitive harm.  In order to facilitate this discovery while protecting the producing party's proprietary interests, as well as the proprietary and commercial interests of non-parties, it is hereby ORDERED:

### I.

A.    The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, financial, technical and other commercially sensitive information, including sensitive business, financial, technical, and commercially sensitive information relating to non-parties, and that the producing party has a protected proprietary and property interest in those

materials, or otherwise has an interest in preventing the dissemination of information about non-parties.

B.      If the producing party has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, the producing party may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in accordance with Section I.F, below, relying on the terms of this Stipulation Regarding Confidentiality ("Stipulation Regarding Confidentiality") in producing that information.    Such "CONFIDENTIAL" designation shall make the designated portions of those produced materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Stipulation Regarding Confidentiality.   This Stipulation Regarding Confidentiality also shall apply to the specific pages and lines from oral depositions as well as any discovery responses, designated as "CONFIDENTIAL" by the producing party in accordance with Section I.G, below.

C.      When used in this Agreed Stipulation Regarding Confidentiality, the word "CONFIDENTIAL" means designated financial, competitive, research, development, business, and other technical or other commercially sensitive information of the producing party and/or such information relating to non-parties.

D.      When used in this Stipulation Regarding Confidentiality, the term "CONFIDENTIAL MATERIAL" means all designated written materials, computer documents, specifications, responses to Interrogatories, Requests for Production, Requests For Admission, or other written discovery referencing confidential material,

deposition transcripts, information which the producing party in good faith regards as a trade secret under Colo. Rev. Stat. 7-73-101, pricing information, or other confidential research, development, or commercial information, personnel information, personnel files, contractual information or information which implicates the privacy interests of the producing party or any third party and all other designated tangible items which disclose "CONFIDENTIAL" information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other media.

E.     The burden of proving the confidential nature of designated information is on the producing party.   Prior to designating any material as "CONFIDENTIAL" and subject to this Stipulation Regarding Confidentiality, the producing party must make a bona fide determination that the material is, in fact, confidential as defined above, the dissemination of which would significantly damage the producing party's competitive position or impact the competitive interests of non-parties.

F.     To designate a portion of any document or other printed material as "CONFIDENTIAL," the producing party shall mark the designated pages of the material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair the legibility of any information contained within the material, but makes it difficult to remove the designation.   In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as "CONFIDENTIAL," the producing party shall mark the disc, case or envelope containing the material with the word "CONFIDENTIAL."   Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

3

G.     In the case of a deposition or oral examination, counsel for the producing party may, during the deposition, designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be treated as "CONFIDENTIAL" until counsel for the producing party receives a transcript of the deposition and designates specific page and line portions of the testimony.  In the event the producing party's counsel during the deposition does not designate on the record that testimony involving "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing party does not waive its right to designate the deposition testimony or any parts thereof as "CONFIDENTIAL" upon receipt of the deposition transcript.  After receipt of the final deposition transcript, the producing party shall identify by page and line the portion of the material that the producing party intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within fourteen (14) days after the producing party's receipt of the written deposition transcript from the court reporter.   Only the portions of the deposition transcript designated by the producing party during this time period shall remain "CONFIDENTIAL."   Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing party of those specific challenges in writing within 20 days of receiving the designations.  The producing party shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript.  The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Stipulation Regarding Confidentiality, and will execute an acknowledgement thereof,

shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.H below) any deposition testimony or exhibits in this lawsuit.

H.    When used in this Stipulation Regarding Confidentiality, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) non-attorney experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation,; and (5)  witnesses, deponents, potential witnesses , representatives for defendant entities, and the jury in this case.

## II.

This Stipulation Regarding Confidentiality is to facilitate the exchange of records and information in discovery.  It governs disclosures to third persons or disclosure of records for discovery motions and discovery proceedings.  Nothing in this Stipulation Regarding Confidentiality shall be deemed to preclude any party's right to oppose discovery on grounds not addressed under the terms of this Stipulation Regarding Confidentiality, or to object on any ground to the admission of any CONFIDENTIAL MATERIAL into evidence at trial.

## III.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not be used

for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I.H without the prior written agreement of the producing party or by order of the Court after due notice to the producing party.

## IV.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A."   Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. All "WRITTEN ASSURANCE" forms retained by counsel shall be subject to an in camera review by the Court if good cause for review is demonstrated.

## V.

A.      If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the portion of such filing containing "CONFIDENTIAL MATERIAL" shall be filed in a sealed envelope on which the following legend shall prominently appear:

> Robert S. Ritchie v. Chartis Claims, Inc., et. al
> U.S. District Court for the District of Colorado
> Civil Action No. 13-cv-01387-WYD-KMT
>
> **CONFIDENTIAL - This envelope contains documents or other material filed by the parties in this matter.  It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.**

Such filing shall be made in accordance with the provisions of D.C.Colo.LCivR 7.2.  The filing party shall identify the confidential business, financial, proprietary, and/or commercially sensitive interests of the party or non-parties sought to be protected and request that the Court restrict public access to CONFIDENTIAL MATERIAL to "Level 1 Access" (limited to the parties and the Court) pursuant to D.C.Colo.LCivR 7.2 B.5.

B.      "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing, deposition, or trial when counsel for the producing party is present, and subject to the producing party's right to seek in-camera treatment of such documents.  Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

C.      All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be filed under motion to restrict public access pursuant to D.C.Colo.LCivR 7.2 and in accordance with Section V.A, and such documents shall not be publicly available, except by further order of this Court.

D.      If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Stipulation Regarding Confidentiality receives a subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena.  The producing party shall take any necessary legal action, including filing a Motion to Quash,  regarding any such

"CONFIDENTIAL MATERIAL" and  the person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

**VI.**

Certain parties anticipate producing large volumes of materials in discovery in this matter, including collections of materials in the form of paper or electronic documents, increasing the likelihood that information protected from discovery by certain privileges or immunities, or "CONFIDENTIAL MATERIAL" not marked as such, may be produced inadvertently.  Therefore, the following provisions shall apply to the production of information in this case:

A.    Inadvertent production of documents subject to the work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery shall not constitute a waiver of the immunity or privilege either for the inadvertently produced document or its subject matter (so-called "subject matter waiver"), provided that the producing party shall notify the receiving party in writing of such inadvertent production  as described in Sec.VI., B.

B.    If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support file or database.

No use shall be made of such inadvertently produced documents during discovery or at

trial nor shall they be disclosed to anyone who was not given access to them before the

request to return and destroy them.

C.	If any party contends that the notification of inadvertent production was not

"reasonably prompt," it shall notify the producing party in writing, and will make no

further use of such documents pending a resolution of their status by the Court.  It shall

be the burden of the producing party to move for a protective order regarding the

inadvertent production, and to demonstrate both that the production was inadvertent,

that reasonable diligence was exercised to identify the inadvertently produced

information, and that notification was made with reasonable promptness after

discovering the inadvertent production.

D.	The party returning or destroying such documents may move the Court for

an order compelling production of the material..

E.	Inadvertent failure to designate produced materials as CONFIDENTIAL

pursuant to the terms of Section I above shall not constitute a waiver of the right to

designate such materials CONFIDENTIAL provided that the producing party shall notify

the receiving party of such inadvertent failure to designate within 10 (ten) days upon

becoming aware of the inadvertent failure to designate.

F.	If  notification is made within 10 (ten) days following production of such

failure to designate, such inadvertently non-designated documents and all copies

thereof, shall be returned to the producing party or destroyed and such material shall be

deleted from any litigation-support file or database.  No use shall be made of such non-

designated documents during discovery or at trial without the appropriate "CONFIDENTIAL" markings, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

G.     Any inadvertently produced document or documents provided to the Court pursuant to this Section VI shall not be considered a "court record" as defined in Colorado Chief Justice Directive 05-01 § 3.10(a) and (b).

**VII.**

A.     Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS or the parties may elect to destroy such CONFIDENTIAL MATERIAL.   Deposition transcripts need not be returned if all CONFIDENTIAL portions have been destroyed or obliterated.

B.     It is the responsibility of any party receiving "CONFIDENTIAL MATERIAL" to obtain all copies of that material provided by that party to "COVERED PERSONS," as defined in Paragraph I.H above, and to return that "CONFIDENTIAL MATERIAL" to the producing party, or the parties may elect to destroy CONFIDENTIAL MATERIALS. Where a party elects to destroy CONFIDENTIAL MATERIAL, the destroying party shall provide all parties with notice confirming the destruction.

**VIII.**

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing.  The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Stipulation Regarding Confidentiality.  Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Stipulation Regarding Confidentiality.  Nothing in this Stipulation Regarding Confidentiality shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

**IX.**

A.     This Stipulation Regarding Confidentiality shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.  Nothing contained in this Stipulation Regarding Confidentiality shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL information.  Nothing in this Stipulation Regarding Confidentiality shall limit the rights of parties to apply for further Stipulation Regarding Confidentialitys or for modification of the terms of this Stipulation Regarding Confidentiality.

B.    This Stipulation Regarding Confidentiality may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties, or by Order of the issuing Court.  If any provision of this Stipulation Regarding Confidentiality shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

C.    This Stipulation Regarding Confidentiality shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**X.**

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Stipulation Regarding Confidentiality.

_____
**Kathleen M. Tafoya**
**United States Magistrate Judge**

Dated:  February 6, 2014

12

**EXHIBIT "A"**

**LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR
ACCESS TO CONFIDENTIAL MATERIAL**

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulation Regarding Confidentiality dated _____ and agreed to by the parties ("Stipulation Regarding Confidentiality") in the action titled Robert Ritchie v. Chartis Claims, Inc., et. al, U.S. District Court for the District of Colorado, Civil Action No. 13-CV-01387-WYD-KMT. I understand the terms of the Stipulation Regarding Confidentiality and under oath consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS furnished by the parties in this action.  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Stipulation Regarding Confidentiality.

DATED:_____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

13